IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THOMAS BRANTLEY MOORE                                          PETITIONER

VS.                                       CIVIL ACTION NO. 3:08cv564-DPJ-FKB

JACQUELINE BANKS                                              RESPONDENTS

## REPORT AND RECOMMENDATION

This cause is before the court on the petition for writ of habeas corpus filed by Thomas Brantley Moore, a state prisoner in the custody of the Mississippi Department of Corrections (MDOC). Having considered the petition, response, and traverse, the undersigned recommends that this petition be dismissed with prejudice.

On May 25, 2000, Petitioner entered a plea of guilty to two counts of house burglary in the Circuit Court of Rankin County. He was sentenced to fifteen years on each count, with ten years suspended and five to serve, and five years of supervised probation. The sentences were to run concurrently. In the sentencing order, Moore was given credit for all time served in pretrial detention. He was released on probation on November 27, 2004. However, on January 31, 2005, he pled guilty in Rankin County Circuit Court to a charge of malicious mischief and was sentenced to a term of five years, with credit for 277 days of time served and the remaining four years and eight-eight days suspended. The sentencing order further provided that Moore would be released on post-release supervision for a term of five years.

Moore remained free until March 15, 2006, when his probation was revoked based upon a positive drug test and a new charge of uttering a forgery. He was remanded to

MDOC custody to serve out the sentences previously imposed.  Thereafter, he pled guilty to attempted uttering of a forgery and to the crime of auto burglary, for which he was sentenced in the Rankin County Circuit Court to concurrent terms of four years, said sentences to run consecutively to his other sentences.

In his instant petition, Moore does not challenge any of his convictions or sentences.  Rather, he contends that the MDOC has miscalculated his sentence because of its failure to properly credit his time served in pretrial detention.

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court.  28 U.S.C.  § 2254(b)(1).  The exhaustion requirement is satisfied if the substance of the federal claim set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  Petitioner presented his claim to MDOC pursuant to the MDOC Administrative Remedies Program (ARP). However, he failed to seek judicial review of the ARP decision in state court - an avenue clearly available to him.  *See*, *e.g., Stokes v. State*, 984 So. 2d 1089 (Miss. Ct. App. 2008) (reviewing denial of inmate's ARP grievance regarding calculation of sentence). Furthermore, no relief would now be available, in that his thirty-day period for seeking judicial review, set forth in  Miss. Code § 47-5-807, has long since expired.  Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will

2

result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).    A procedural rule is "adequate" if it is regularly and consistently applied. *Johnson v. Mississippi*, 486 U.S. 578, 589 (1986).   The burden is on a habeas petitioner to demonstrate that a rule is not regularly and consistently applied, *see Sones  v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and Petitioner has failed to meet that burden in this case.  Thus, because Moore's claims would now be procedurally barred in state court, they are considered to be technically exhausted and  procedurally defaulted. *See Sones*, 61 F.3d at 416.

An exception to the procedural default rule exists where a habeas petitioner can show either cause for the default and actual prejudice or that the failure to consider the merits of the claims will result in a fundamental miscarriage of justice.   In his traverse, Moore argues that cause exists for his default because he was misled concerning the proper forum in which to pursue his claim.  He contends that the certificate accompanying his Third Step Response for his ARP informed him that he could pursue judicial review in either state or federal court.  The form stated, in relevant part, as follows:

> This document is to certify that inmate Thomas Moore, MSP# K2870, has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Third Step Response.

> A copy of the Third Step Response Form must be attached to this certificate in order to file in either State or Federal Court.

This language, which is part of a form document, merely informs inmates of the time period for judicial review and that they must attach to any complaint a copy of the certificate showing they have exhausted their administrative remedies.  The form

3

references actions in both state and federal courts for the obvious reason that the proper forum depends upon the type of claim asserted.[1]  The language of the form does not provide the requisite cause to excuse Moore's failure to exhaust his state court remedies before pursuing federal habeas relief.

For these reasons, the undersigned recommends that Moore's petition be dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of March, 2011.

/s/ F. Keith Ball

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]For example, once they have exhausted their administrative remedies, state prisoners challenging the conditions of their confinement under 42 U.S.C. § 1983 may pursue relief in federal court, without first seeking review in state court.

4